IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 49696-8-II |
| Respondent, | |
| v. | |
| | UNPUBLISHED OPINION |
| GERALD CAYENNE, | |
| Appellant. | |

MAXA, C.J. – Gerald Cayenne appeals his conviction of failure to register as a sex

offender. We hold that the trial court erred by excluding evidence that Cayenne had registered

with the Chehalis Tribe, which he offered to show that he did not knowingly fail to register with

the Grays Harbor County Sheriff's Office. Accordingly, we reverse Cayenne's conviction and

remand to the trial court for further proceedings.[1]

FACTS

Cayenne was convicted of first degree child molestation in 1991. As a result, he was

required to register as a sex offender. Cayenne registered with the Grays Harbor County

Sheriff's Office on September 30, 2013. At that time, Cayenne was given an offender

registration notification form that listed all of the registration requirements for different

scenarios. Cayenne initialed each requirement and signed the form. The form stated that if he

_____

[1] Cayenne also argues that the trial court erred by imposing a combined sentence that exceeded
the statutory maximum, which the State conceded, and that the trial court incorrectly calculated
his offender score. Because we reverse his conviction, we do not address these sentencing
issues.

changed his address, moved out of Grays Harbor County, or returned to Grays Harbor County after being away, he had a duty to register with the Grays Harbor County Sheriff's Office within three days.

In August 2014, Cayenne was released from custody with the Department of Corrections to Grays Harbor County and was directed to report to a community corrections officer in Montesano. He did not report to the Grays Harbor County Sheriff's Office after his release. However, he did report to Chehalis Tribal Public Safety, which is located in Grays Harbor County, in November. Cayenne was arrested and sent back to prison multiple times throughout 2014, 2015, and 2016, and failed to report to the Grays Harbor County Sheriff's Office each time he was released.

In 2016, the State charged Cayenne with failure to register as a sex offender for failing to register as required between August 2014 and July 2016.

The State filed a motion in limine to prevent Cayenne from introducing evidence about registering with the Chehalis Tribe. The State argued that any evidence about the duty to register with the Tribe was irrelevant to the question of Cayenne's duty to register with Grays Harbor County. Cayenne argued that evidence of his registration with the Chehalis Tribe was relevant because it helped to show his confusion about his duty to register. Cayenne argued that his confusion about how to comply with his different duties undermined the State's evidence that he *knowingly* failed to register. The trial court granted the motion, excluding any evidence that Cayenne registered with Chehalis Tribal Public Safety.

At trial, Cayenne testified that he had reviewed and initialed the form informing him of his duty to register. But Cayenne testified that he did not have his glasses on and may not have read the requirements for registering when he initialed them. Cayenne testified also that he did

2

not understand how to fulfill his reporting duties because the procedures had changed over the years. He stated that he did not know for certain what his registration requirements were. The jury found Cayenne guilty of failure to register as a sex offender.

Cayenne appeals his conviction.

## ANALYSIS

Cayenne argues that the trial court erred by granting the State's motion to exclude evidence that he registered with Chehalis Tribal Public Safety. He argues that excluding this evidence violated his right to present a defense. We agree.

A.   LEGAL PRINCIPLES

1.   Right to Present Evidence

A criminal defendant has a constitutional right to present a defense. *State v. Jones*, 168 Wn.2d 713, 719-20, 230 P.3d 576 (2010). This right to present a defense derives from the Sixth Amendment to the United States Constitution and article I, section 22 of the Washington Constitution. *State v. Wade*, 186 Wn. App. 749, 763-64, 346 P.3d 838 (2015). There also is a fundamental due process right to present a defense under the Fourteenth Amendment. *State v. Lizarraga*, 191 Wn. App. 530, 551-52, 364 P.3d 810 (2015).

However, a defendant has no constitutional right to present evidence that is inadmissible under standard evidence rules. *Wade*, 186 Wn. App. at 764. Pertinent here, "[d]efendants have a right to present only relevant evidence, with no constitutional right to present *irrelevant* evidence." *Jones*, 168 Wn.2d at 720. Therefore, a defendant's evidence must at least have minimal relevance to implicate the right to present a defense. *Id.*

We review the trial court's exclusion of evidence for an abuse of discretion. *State v. Blair*, 3 Wn. App. 2d 343, 350, 415 P.3d 1232 (2018). If conclude that there was no abuse of

discretion, exclusion of the evidence was not error and our inquiry ends. *Id.* at 351. If we conclude that the trial court abused its discretion in in excluding the evidence, we review de novo whether the defendant's right to present a defense has been violated. *Jones*, 168 Wn.2d at 719; *Blair*, 3 Wn. App. 2d at 351.

2.    Failure to Register

RCW 9A.44.132(1) states, "A person commits the crime of failure to register as a sex offender if the person has a duty to register under RCW 9A.44.130 for a felony sex offense and *knowingly* fails to comply with any of the requirements of RCW 9A.44.130." (Emphasis added.) RCW 9A.44.130(1) provides that certain sex offenders must register with the county sheriff for the county of the person's residence. Under RCW 9A.44.130(4)(a)(i), an offender released from custody with the state department of corrections or a local jail must register with the sheriff's office in the county of the offender's residence within three business days.

RCW 9A.08.010(1)(b) defines acting with knowledge as either of the following:

(i) he or she is aware of a fact, facts, or circumstances or result described by a statute defining an offense; or
(ii) he or she has information which would lead a reasonable person in the same situation to believe that facts exist which facts are described by a statute defining an offense.

This definition of "knowingly" applies generally throughout the criminal code. RCW 9A.04.090.

B.    ADMISSIBILITY OF REGISTRATION WITH ANOTHER JURISDICTION

Cayenne argues that evidence that he registered with the Chehalis Tribe is relevant in this case. He claims that the excluded evidence tended to disprove the State's allegation that he knowingly failed to comply with the registration requirements.

4

Evidence is relevant if it has any tendency to make the existence of any fact of consequence more or less probable. ER 401. Relevance requires a logical nexus between the evidence and the fact to be established. *State v. Briejer*, 172 Wn. App. 209, 225-26, 289 P.3d 698 (2012). The threshold for relevance is very low. *Id.* at 225.

Here, the State presented undisputed evidence that Cayenne had an obligation to report to the Grays Harbor County Sheriff's Office and that Cayenne failed to report for almost two years. Both parties agreed at trial that the only issue for the jury to decide was whether Cayenne *knowingly* failed to register; whether he knew he had an obligation to register with the Grays Harbor County Sheriff's Office. Cayenne's knowledge was the "fact of consequence" for purposes of the ER 401 relevancy analysis.

Cayenne could have thought that his registration with the Chehalis Tribe was sufficient to satisfy his reporting obligation. If true, this belief would tend to negate the knowledge element. Therefore, evidence that Cayenne had registered with the Chehalis Tribe would be relevant to the key fact of consequence at trial – whether Cayenne knowingly failed to register as a sex offender.

The State argues that Cayenne's registration with the Chehalis Tribe was irrelevant because that registration could not be a defense to the obligation under RCW 9A.44.132(1) and RCW 9A.44.130 to register with the Grays Harbor County Sheriff's Office. Washington law does not state or even suggest that a person can satisfy the obligation to register in his or her county of residence by registering in another jurisdiction. In other words, even though Cayenne registered with the Chehalis Tribe, Washington law required him to register with the Grays Harbor County Sheriff's Office.

However, whether Cayenne had a statutory obligation to register with the Grays Harbor County Sheriff's Office is a different issue than whether Cayenne *knew* that he had a statutory obligation to register. Registering with the Tribe is relevant to Cayenne's knowledge even if that registration would not be a defense to the charged crime.

The State also tries to characterize Cayenne's knowledge argument as a claim that he substantially complied with the registration requirement. The trial court also framed the issue as substantial compliance in granting the motion in limine. But Cayenne does not argue substantial compliance. He argues that he did not know that registering with the Tribe was insufficient.

The State also argues that it presented sufficient evidence that Cayenne knew that he had an obligation to register with the Grays Harbor County Sheriff's Office. Again, the State is correct. However, whether the State presented sufficient evidence regarding Cayenne's knowledge is a different issue than whether contrary evidence was relevant and therefore admissible.

The evidence that Cayenne registered with the Chehalis Tribe was relevant to his defense that he lacked knowledge of his registration requirement. Although Cayenne's confusion about whether he was failing to register is not a defense to the crime, it bears a logical nexus to his knowledge of his duties and his actions to comply with those duties. Therefore, we hold that the trial court abused its discretion in excluding this evidence.

## C.    VIOLATION OF RIGHT TO PRESENT DEFENSE

Because the trial court abused its discretion in excluding relevant evidence, we review de novo whether the trial court violated Cayenne's right to present a defense. Cayenne could not

6

present his only defense – that he did not knowingly fail to register as a sex offender.[2]

Accordingly, we hold that the trial court violated Cayenne's right to present a defense in excluding evidence that Cayenne registered with Chehalis Tribal Public Safety.

## CONCLUSION

We reverse Cayenne's conviction and remand to the trial court for further proceedings.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

MAXA, C.J.

We concur:

LEE, J.

MELNICK, J.

---

[2] The State does not argue that the evidence was so prejudicial as to disrupt the fairness of the fact-finding process at trial or the State's interest in excluding the prejudicial evidence outweighed Cayenne's need for that evidence. *See Jones*, 168 Wn.2d at 720.